UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES D. HARRISON,

    Plaintiff,

v.

K. HOBBS,

    Defendant.

No. C 11-115 SI (pr)

**ORDER OF DISMISSAL**

On January 10, 2011, this action was opened when the court received from plaintiff a document with a case caption not matching any of his other cases that was labeled "Case No. Untitled" on the first page and had attached about 90 pages of a publication of title 15 of the California Code of Regulations, i.e., the regulations applicable to California prisoners. That day, the court sent written notices to plaintiff that he needed to file a completed civil rights complaint and an in forma pauperis application, or the action would be dismissed. He then sent the civil rights complaint form back to the court, leaving it blank except that he filled in the case caption and his address on the first page, dated and signed the last page, and attached to it a copy of his inmate trust account statement. (Docket # 4.) He also sent in an in forma pauperis application that was left blank, except for his name and case caption on the first page and signature on the last page. (Docket # 5.) He then sent in a document entitled "# trifurcated" with a few random phrases on the first page and a copy of the inmate orientation handbook for the Pelican Bay SHU. (Docket # 6.) He also sent in a motion for leave to file an amended complaint, in which he stated that he wanted to amend his complaint to substitute K. Hobbs for the John Doe defendant, but provided no allegations against that defendant. (Docket #8.)

The motion to amend is GRANTED and K. Hobbs has been substituted in as a defendant in place of John Doe. (Docket # 8.)

The action is DISMISSED for failure to state a claim upon which relief may be granted. Leave to amend will not be granted because it would be futile. Harrison already notified by the clerk that he needed to submit a complaint, and chose to respond by filing a complaint that was mostly blank and did not state any claim for relief, and followed that with a motion to amend where he merely identified a name for the Doe defendant but provided no allegations against that person.

Finally, the court offers some words of caution to Harrison in case he believes there is no downside to sending what is essentially junk mail to the court. Each time Harrison sends in a document that arguably looks like an effort to commence a new action, the court opens a new action and assigns the matter a case number. If the action is opened as a civil action, Harrison then becomes obligated to pay a filing fee of $350.00, even if the action is dismissed later. This means that Harrison is accumulating multiple filing fee obligations, as he has followed the same pattern in several cases, i.e., filing a mostly blank complaint and failing to state any claim. See, e.g., Harrison v. Scott, 10-2728 SI, Harrison v. Wilson, 10-5487 SI. Although he has no money in his trust account now, if money is ever deposited into that account, a significant amount will be taken from him to pay all those filing fees. Not only is he accumulating multiple filing fee obligations, filing these apparently pointless actions later may prevent him from proceeding as a pauper in future cases because pauper status may be denied for a prisoner who has had three or more actions dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In short, when Harrison files these apparently pointless actions, it costs him money and may cost him the ability to file actions in the future.

The clerk shall close the file.

IT IS SO ORDERED.

DATED: June __, 2011

SUSAN ILLSTON
United States District Judge

2